UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cr-64 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| MARLOWE CHARLES MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on April 21, 2011, after receiving the written consent of defendant and all counsel. At the hearing, defendant Marlowe Charles Marshall entered a plea of guilty to count 1 of the Indictment charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). There was no written plea agreement, but the following oral agreement was placed on the record:

      1.    Defendant agrees to cooperate, and the Government may ask for a reduction in sentence at the time of sentencing, U.S.S.G. § 5K1.1, or thereafter, FED. R. CRIM. P. 35(b), but is not promising to do so.

      2.    The Government agrees not to file an information under 21 U.S.C. § 851.

      3.    The Government agrees not to prosecute defendant in this court for any other crimes, tax crimes and crimes of violence excepted.

4. The Government does not oppose a guideline reduction of two levels under U.S.S.G. § 3E1.1(a), for acceptance of responsibility, or a further one level reduction under § 3E1.1(b), for a timely plea.

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to count 1 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge. Acceptance of the plea, acceptance of the oral plea agreement, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

Dated: April 22, 2011             /s/  Joseph G. Scoville
                                  U.S. Magistrate Judge


### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).